

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

August 30, 1955

Honorable Walter L. Bell
Executive Director
State Board of Control
Austin, Texas

Dear Mr. Bell:

Opinion No. S-170

Re: Construction of Section
21 of Article XVI of the
Constitution of Texas as
to the purchase of fuel
for State departments.

Your opinion request reads as follows:

"Section 21 of Article XVI of the Constitution of Texas provides in substance, with other provisions not material to this request, that all fuel used in the legislative and other departments of the government shall be furnished under contract to be given to the lowest responsible bidder and under such regulations as shall be prescribed by law and all such contracts shall be subject to the approval of the Governor, Secretary of State and Comptroller.

"Under Article 634 of the Revised Civil Statutes, the Board of Control is made the purchasing agent for all supplies, except perishable goods, which are used by the departments and institutions of the State. The Board also handles utility contracts for the state buildings which are in its custody. In carrying out these duties it is necessary for us to determine what contracts made by the Board come within this constitutional provision. We request your opinion on the following questions:

"(1) Does the term 'fuel' as used in Section 21 of Article XVI of the Constitution include gasoline and other motor fuels which are purchased and used exclusively for operating automobiles, trucks, airplanes, boats or other types of vehicles?

"(2) Do contracts for the purchase of gasoline, diesel fuel, propane, butane, and similar types of fuel for stationary power or heating purposes come within this provision?

"(3)  Do contracts for the purchase of gas which is furnished by connection with a public utility system come within this provision?"

Webster's International Dictionary defines fuel as "any matter used to produce heat or power by burning, as wood, coal, peat, petroleum, gas." Another definition is "any matter used to produce heat or power by combustion." This definition includes all the substances listed in your inquiry, but we can not conclude that Section 21 applies to all purchases of fuel, regardless of the use to which it is put. We must examine the full wording of the section and determine the intended scope of the language "fuel used in the departments of the government."

The primary rule of interpreting and construing a constitutional provision is to ascertain the intention of the people in adopting it, and to give effect to that intention. Cox v. Robison, 105 Tex. 426, 150 S.W. 1149 (1912); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922). The language of constitutional provisions should be construed as the voters at the time of its adoption would reasonably have understood it to be. Orndorff v. State, 108 S.W.2d 206 (Tex. Civ.App. 1937, error ref.). In arriving at the intended meaning of the language, the history of the time and the conditions prevailing at the time of its adoption may be considered. Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S.W.2d 482 (1935). The fact that new conditions not known to the framers of the Constitution have arisen since its adoption does not prevent the application of the terms used as then intended to new and changed conditions if such new and changed conditions come within the purpose, meaning and intent of the framers. Western Co. v. Sheppard, 181 S.W.2d 850 (Tex.Civ.App. 1944, error ref.). But where conditions have changed since the time of adoption, "it is a proper inquiry, in ascertaining whether a certain interpretation should be given to the language of the Constitution, to consider whether its framers and the voters by whom it was adopted intended the consequences which must follow such interpretation." Koy v. Schneider, 110 Tex. 369, 378, 218 S.W. 479, 221 S.W. 880 (1920).

To answer your first two questions, we must determine the scope of the words "fuel used in the departments of the government" in the light of the conditions which existed at the time this provision was adopted in 1876. At that time the use of fuel by the departments of the state government was confined to heating and lighting the buildings in which the departments were housed. This is the general nature of the use which the language of Section 21 suggests

and which was within the contemplation of its adopters. It would be unreasonable to assume that they envisioned the time when the departments would be using fuel for operating vehicles or that they would have intended Section 21 to encompass such a use. The problems connected with refueling vehicles are so different from those involved in the refueling of equipment used for providing light, heat, and similar services at fixed locations that the adopters could not reasonably have intended the consequences which would follow from an interpretation which would place fuel for operation of vehicles within the terms of Section 21. It should be noted, further, that Section 21 was not framed to include all supplies required by the departments of the government. It selected only a limited number of items. Our research into the extent of governmental activities at that period does not reveal whether any departments of the government maintained their own transportation facilities as an incident to carrying out their duties. Whether they did or not, it is evident that if the framers of the Constitution had intended to regulate the purchase of the commodity necessary for maintaining these facilities they would have included feed in the list of items regulated, as the horse furnished the motive power for the usual means of transportation known to that era.

It is our opinion that Section 21 should be given no broader scope than was within the contemplation of its framers and the voters who adopted it--the purchase of fuel for providing services at the buildings and grounds where the departments were located. We therefore hold that it does not apply to the purchase of fuel for operating vehicles.

Prefacing our answer to your second question, it is not the nature of the substances which are now used as fuel, but the nature of the conditions and purpose of use which take fuels used for operating vehicles out of the scope of Section 21. The development of gasoline, diesel fuel, liquefied gases such as propane and butane, and similar types of fuel has taken place largely since the adoption of Section 21 in 1876, but they nevertheless come within its provisions when they are used for furnishing stationary power, heat, light, and similar services at the premises which the departments occupy.

In your third question you ask whether contracts for the purchase of gas from a public utility system come within the provisions of Section 21. This section provides that contracts to which it applies shall be given to the lowest responsible bidder and shall be subject to the approval of the Governor, Secretary of State and Comptroller. In

passing on a related question, Attorney General's Opinion V-941 (1949) states:

"A public utility is usually a monopoly operating under a franchise with the type of service defined and rates controlled. These factors make purchase of public utility services on the basis of competitive bids impracticable. The courts have recognized these conditions and have held that purchases of utility services do not come within the statutes which require 'supplies' to be purchased by competitive bidding."

The same reasoning is applicable to the present question. Section 21 embraces only those contracts which are the proper subject of competitive bidding and on which the requirement for approval would serve as a check against excessive contract prices. It is our opinion that the purchase of gas from a public utility by connection with a community system at a price which is within the established rates charged by the utility does not come within the provisions of this section.

## SUMMARY

Section 21 of Article XVI of the Texas Constitution, which regulates the purchase of fuel used by the departments of the government, does not apply to the purchase of gasoline and other motor fuels used for operating vehicles. It applies to the purchase of fuel, including gasoline, diesel fuel, propane, butane, and other fuels, which is used for furnishing stationary power, heat, light, and similar services at the premises which the departments occupy. It does not apply to the purchase of gas from a public utility system at a price which is within the established rate charged by the utility.

APPROVED:

Davis Grant
Reviewer

J. A. Amis, Jr.
Reviewer

Will Davis
Special Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Mary K. Wall*
Mary K. Wall
Assistant